```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

| | |
|---|---|
| HERBERT A. UNDERWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:07-CV-138 |
| ) | |
| SUPERINTENDENT, INDIANA ) | |
| STATE PRISON, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.E. # 1) ("petition") filed by Petitioner on March 27, 2007. For the reasons set forth below, the petition is **DISMISSED** and the Clerk is **ORDERED TO CLOSE THE CASE**.

BACKGROUND

After his convictions for robbery, conspiracy to commit robbery, conspiracy to commit murder, murder, and felony murder, and sentence of death, on May 13, 1993, Mr. Underwood filed a death penalty petition for writ of habeas corpus in this Court, in *Underwood v. Farley*, 3:93cv336. The Court dismissed that petition without prejudice on September 29, 1993. In state court, Mr. Underwood obtained post-conviction relief, a new trial, and a new sentence (*i.e.*, 60 years imprisonment). *Underwood v. State*, 722 N.E.2d 828 (Ind. 2000).

On May 22, 2000, in this Court, Petitioner filed a petition for writ of habeas corpus challenging his conviction and sentence

in *Underwood v. State*. *Underwood v. Anderson*, No. 3:00cv317 (D.E. # 1). The Court denied that petition on the merits on January 24, 2001. (D.E. # 14.) This Court and the United States Court of Appeals for the Seventh Circuit denied Mr. Underwood's requests for a certificate of appealability. (D.E. #s 24, 29.)

The currently pending petition for writ of habeas corpus also challenges Petitioner's conviction and sentence in *Underwood v. State*. Petitioner wishes to present issues not argued in his first petition (*i.e.*, in *Underwood v. Anderson*) because he states that he is now "entitled to immediate release so filed here first." (Petition at 4.)

DISCUSSION

> Before a second or successive application permitted by [28 U.S.C. § 2244(b)(2) which was not presented in a prior application] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3). "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).

In the present case, Petitioner has filed a habeas corpus application challenging his conviction and sentence in *Underwood v. Anderson*. Petitioner has already challenged this conviction and sentence through a habeas corpus application. Because he has not obtained an order from the Court of Appeals permitting him to file the second or successive application, the Court **DISMISSES** Petitioner's petition.

In addition, an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). In such a case, dismissal is proper. *Id.* at 726.

Here, according to Petitioner, he has not exhausted his remedies in state court on the issues he presents in this petition. In response to the question "If you did not exhaust your state remedies on Ground Two, explain why," Mr. Underwood states that because he believes he is entitled to immediate release he "filed here first." (Petition at 4.) He made a similar response to the same question in regard to his first ground for relief. Because Petitioner has not exhausted the remedies available in the courts of the State, for this additional reason, Petitioner's petition is **DISMISSED.**

CONCLUSION

Accordingly, for these reasons, the Court **DISMISSES** this petition for want of jurisdiction pursuant to 28 U.S.C. § 2244(b). The Clerk is **ORDERED TO CLOSE THE CASE.**

**DATED: July 10, 2007**                          /s/ RUDY LOZANO, Judge
                                                  **United States District Court**